UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Laziz Abdurakhmanov,

                                 Plaintiff,

          -against-

The City Of New York, Police Officer Jonathan Santiago, Shield 9174, Police Officer Michael B. Loughery, Shield 23070, Police Officer Matthew James, Shield 27321, & John and Jane Does 1-5 (Employees Not Yet Known Of The New York City Police Department),

                               Defendants.
------------------------------------------------------------------------X

**Civil Action No.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by and through his attorney, Abe George, Esq., of the Law Offices of Abe George, P.C., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action stemming from a false arrest and malicious prosecution in which the plaintiff seeks relief for the defendants' violations of their rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, Fifth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

6.  Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

7.  At all times relevant to this action, Plaintiff Laziz Abdurakhmanov is and was a resident of Kings County, New York in the Eastern District of New York.

8.  Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9.  Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Police Officer Jonathan Santiago, Shield 9174, Police Officer Michael B. Loughery, Shield 23070, Police Officer Matthew James, Shield 27321, and John and Jane Does 1-5 (Employees not yet known of the New York City Police Department).

10.  Police Officer Jonathan Santiago, Shield 9174, Police Officer Michael B. Loughery, Shield 23070, Police Officer Matthew James, Shield 27321, and John and Jane Does 1-5 (Employees not yet known of the New York City Police Department), collectively referred to as "defendant officers", are and were, at all times relevant herein, duly appointed and acting officers, servants,

employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of defendant City of New York.

11.     At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York.

12.     The actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

13.     Plaintiffs are suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

14.     Contemporaneous to this filing Plaintiff has made an application to in New York State Supreme Court to file a late notice of claim.

## STATEMENT OF FACTS

15.     On or about September 26, 2022, at approximately 10:35PM Plaintiff was lawfully in his vehicle in the vicinity of Surf Avenue and West 16th Street in Kings County.

16.     As the light turned green Plaintiff's car lawfully went through the intersection of Surf Avenue and West 16th Street when his car was struck by a police car driven by defendant Police Officer Loughery and Police Officer Matthew James.

17.     The severe collision caused extreme injuries through Plaintiff's body including but not limited to chest trauma and damage to both of his legs that almost left him paralyzed. As a result of the collision Plaintiff had passed out and inexplicably woke up in the hospital in police custody. Plaintiff was admitted from September 26, 2022 through October 14, 2022 when he was discharged to Phoenix Rehabilitation Center and Nursing Center for almost 7 months until May 26, 2023.

18. Upon information and belief rather than admit their fault and seeing Plaintiff unconscious, Police Officer Jonathan Santiago, Police Officer Michael B. Loughery and Police Officer Matthew James conspired to violate Plaintiff's civil rights by falsely arresting and maliciously prosecuting Plaintiff---claiming that Plaintiff and not the officers ran through the red light.

19. Police Officer Jonathan Santiago swore out to a criminal court complaint on September 27, 2022, supported by information from Officers Loughery and James which charged Plaintiff with, inter alia, Reckless Endangerment in the First degree and Assault in the Second Degree.

20. Upon information and belief Plaintiff was arraigned while he was in the hospital in late September or early October of 2022.

21. Upon information and belief due to the lack of any probable cause the criminal court case against Plaintiff was dismissed on or about January 19, 2023.

22. As a result of his accident Plaintiff has undergone over 17 surgical procedures on his legs from October of 2022 through November of 2023.  Plaintiff has also went to over 30 medical appointments (after his initial 2 week ER admission) from September 2022 to the November of 2023.  Plaintiff will continue to need physical therapy, additional doctors visits, and potentially more surgeries to correct the issues to hid legs.  Plaintiff has not been able to walk or resume work since the incident.

### **FIRST CLAIM FOR RELIEF: FALSE ARREST**
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

23. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. Defendant Police Officer Michael B. Loughery and Defendant Police Officer Matthew James, and/or JOHN AND JANE DOES (1-5), acting under color of state law, in arresting Plaintiff

4

without probable cause, and further confining Plaintiff who was conscious of said imprisonment against Plaintiff's will, and without any privilege to do so as is required by the Fourth and Fourteenth Amendments, are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

25. As a direct and proximate result of Defendants' above-described unlawful actions, Plaintiff has suffered, and will continue to suffer damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### SECOND CLAIM FOR RELIEF: MALICIOUS PROSECUTION
42 U.S.C. § 1983 and Fourth Amendment

26. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. Due to Defendant police officers Loughery, James, Santiago, and/or JOHN AND JANE DOES (1-5) false allegations against Plaintiff, a criminal proceeding was commenced against the Plaintiff. The criminal proceeding was terminated on or about January 19, 2023, in Plaintiff's favor. There was no probable cause for Plaintiff's arrest and defendant police officers' actions in intentionally trying to "frame" Plaintiff as causing an accident was driven by malice.

28. As a result of Defendant's conduct Plaintiff was held in police custody for over a week.

29. As a direct and proximate result of Defendants' above-described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

30. By their conduct, as described herein, and acting under color of state law, Defendants, are liable to Plaintiffs under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free

from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF: NEGLIGENCE
State Law Claims

31. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. That the aforesaid injuries to Plaintiff from the aforesaid car accident was caused wholly and solely by reason of the negligence of defendant police officers Loughery and James without any fault or negligence on the part of the Plaintiff contributing thereto.

33. Defendant police officers Loughery and James were negligent, careless and reckless in the, operation, management, maintenance, supervision, use and control of their vehicle and said Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

34. That by reason of the foregoing, Plaintiff sustained severe and permanent personal injuries and was otherwise damaged.

35. That Plaintiff sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

### FOURTH CLAIM FOR RELIEF:
### INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS
State Law Claim

36. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. Defendant officers conduct, in falsely arresting and maliciously prosecuting Plaintiff, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

38. Defendants intended to and did cause severe emotional distress to Plaintiffs.

39. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

### **FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY**
State Law Claim

40. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. The actions of the defendant officers in this matter, including striking Plaintiff with their vehicle, and arresting/maliciously prosecuting Plaintiff occurred during the course and scope of defendants duties and functions as a New York City police officers, and while defendants were acting as an agent, officer, servant and employee of the NYPD which is a police force maintained by THE CITY OF NEW YORK. As a result, THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior, in an amount which will be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a. For compensatory damages at an amount to be determined at trial;

    b. For punitive damages against the individual Defendants;

    c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

  d. Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

  e. For pre-judgment interest as allowed by law; and

  f. For such other and further relief as this Court may deem just and proper.

Dated: November 30, 2023    THE LAW OFFICES OF ABE GEORGE, P.C.
   New York, New York

           By:   /s/
             Abe George, Esq.
             99 Wall Street, Suite 3404
             New York, NY 10005
             (P) 212-498-9803
             (F) 646-558-7503
             e-mail: abe@abegeorge.lawyer